Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK U S DISTRICT COURT

OCT - 7 2004

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MARIO DELGADILLO, | Case No EDCV 04-01215-SGL |
| Plaintiff, | STANDING ORDER |
| v | |
| TEAMSTERS AND FOOD EMPLOYERS SECURITY TRUST FUND, HOSPITAL-MEDICAL PLAN NO 501, JOINT BOARD OF TRUSTEES, BRENT R BOHN, KATHLEEN A FINAZZO, JOHN SCHROEDER, JIM MAHAN, ROBERT L MONDER, KURT LARSEN, RIDK MIDDLETON, SOUTHWEST ADMINISTRATORS, INC, | |
| Defendants | |

DOCKETED ON CM
OCT - 7 2004
BY _____ 045

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**

This action has been assigned to the calendar of Stephen G Larson, United States Magistrate Judge Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts To secure the just, speedy, and inexpensive determination of every action, Fed R Civ P 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California

IT IS HEREBY ORDERED

1. **Service of the Complaint:** The Plaintiff shall promptly serve the Complaint in accordance with Fed R Civ P 4 and file the proofs of service pursuant to Local Rule 5-3 1

2. **Presence of Lead Counsel:** Lead trial counsel should attend all proceedings before this Court, including all status and settlement conferences

3. **Discovery:**

(a) Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference  At the very least, the parties shall comply fully with the letter and spirit of Fed R Civ P 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery

(b) If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed R Civ P 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date  Rebuttal expert witnesses shall be designated and reports provided as required by Fed R Civ P 26(a)(2)(B), not later than five weeks prior to the discovery cutoff date  Failure to timely comply with this deadline may result in the expert being excluded at trial as a witness

4. **Motions:**

(a) **Time for Filing and Hearing Motions:** Motions shall be filed in accordance with Local Rules 6-1 and 7-2, etc [1]  This Court hears motions on **Mondays, commencing at 3:00 p.m.  No supplemental brief shall be filed without prior leave of Court**  Conformed courtesy copies of **opposition and reply papers** shall be delivered to

---

[1] Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly     the substance of the contemplated motion and any potential resolution " Counsel should discuss the issues sufficiently so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court  Counsel should resolve minor procedural or other nonsubstantive matters during the conference

the courtesy box on the wall outside the entrance to Courtroom No. 1, located on the First Floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside, California, **by 4:00 p.m. on the date due.** Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under L.R. 7-3), especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by *any* amendment). Moreover, a party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971), St. Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981). And even where a party has amended his Complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint and in many instances, the moving party should agree to any amendment that would cure a curable defect.

In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the challenged pleading to the Memorandum of Points and Authorities in support of the motion. The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or affirmative defense, which a plaintiff might file.

    **(b) Length and Format of Motion Papers: Memoranda of Points**

**and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations

**Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.** Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly

Filings which do not conform to the Local Rules and this Order will not be considered

    **(c)    Citations to Case Law:** Citations to case law **must** identify not only the case being cited, but the specific page being referenced   Certain kinds of authority are considered more useful - or authoritative - than others   If more than one authority is cited in support of a proposition, these supporting authorities are to be listed such that the more authoritative ones appear first

    **(d)    Citations to Other Sources:** Counsel are reminded that the basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently   Accordingly, statutory references should identify, with specificity, which sections and subsections are being referenced (e g , Jurisdiction over this cause of action may appropriately be found in 47 U S C § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters)   Statutory references which do not indicate specifically which section and subsection are being referred to (e g , Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U S C § 2511, et seq ) are to be **avoided**   Citations to treatises, manuals, and other materials should similarly include the volume and the section being referenced

    **(e)    Courtesy Copies:** Counsel shall deliver a conformed courtesy copy

of all **opposition and reply** papers in motion matters to the courtesy box on the wall outside the entrance to Courtroom No 1, located on the First Floor of the U S Courthouse, 3470 Twelfth Street, Riverside, California, **by 4:00 p.m. on the date due.**

5. **Proposed Orders:** Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations If the Proposed Order exceeds two pages, the proposing party shall also submit the document on a 3½-inch diskette compatible with WordPerfect 7 0 or higher

6. **Ex Parte Applications:** Counsel are reminded ex parte applications are solely for extraordinary relief See Mission Power Engineering Co v Continental Casualty Co., 883 F Supp 488 (C D Cal 1995) Applications which fail to conform with Local Rules 7-19 and 7-19 1, **including a statement of opposing counsel's position,** will not be considered Any opposition must be filed not later than 24 hours after service If counsel do not intend to oppose the ex parte application, counsel must inform the court clerk by telephone The Court considers ex parte applications on the papers and usually does not set these matters for hearing Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of non-opposition papers to the courtesy box outside the entrance to Courtroom No 1, located on the first floor of the U S Courthouse, 3470 Twelfth Street, Riverside, California The courtroom deputy clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary

7. **Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date:** No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them Both applications and stipulations must be filed in advance of the date due and set forth

    (a) the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date,

(b) specific, concrete reasons supporting good cause for granting the extension

(c) whether there have been prior requests for extensions, and whether these were granted or denied by the Court

8. **TROs and Injunctions:** Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, such party may file opposing or responding papers in the interim.[2] The parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers relating to TROs and injunctions. The courtesy copy shall be placed in the courtesy box outside the entrance to Courtroom No. 1, located on the first floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside, California. All such papers shall be filed "loose" -- i.e., not inside envelopes

9. **Cases Removed From State Court:** All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Removal, if not already included. See 28 U.S.C. § 1447(a)(b). If the defendant has not yet responded, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If a motion was pending in state court before the case was removed, it must be re-noticed in accordance with Local Rule 6-1

10. **ERISA Cases:** Absent an agreed upon statement of facts, the court will not hear motions for summary judgment, but will hear motions to determine the standard of review and the scope of the administrative record. See Kearney v. Standard Insurance Co.,

---

[2] Local Rule 7-19.2 - Waiver of Notice. If the Judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice (which in the instance of a TRO means that the requisite showing under F.R. Civ. P. 65(b) has been made) the judge may waive the notice requirement of L.R. 7-19.1

6

175 F 3d 1084 (9th Cir 1999)  There will be a court trial (usually confined to oral argument) on the administrative record

**11.  Status of Fictitiously Named Defendants:** This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint (See 28 U S C §§ 1441(a) and 1447 )

    (a)  Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 120 days of the removal of the action to this Court

    (b)  If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court  Such application shall state the reasons therefor, and may be granted upon a showing of good cause  The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the ex parte application

    (c)  If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously-identified defendants (and counsel for the fictitiously named party, if that party has separate counsel)  If consent is withheld or denied, plaintiff may apply ex parte requesting such amendment, with notice to all appearing parties  Each party shall have seven calendar days to respond  The ex parte application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party  See 28 U S C § 1447(c)(d)

7

| | |
|---|---|
| 1 | **12.** **Communications with Chambers:** Counsel shall not attempt to contact the Court or its chambers staff by telephone or by any other <u>ex parte</u> means, although counsel may contact the courtroom deputy, at (909) 328-4464, with appropriate inquiries. To facilitate communication with the courtroom deputy, counsel should list their facsimile transmission numbers along with their telephone numbers on all papers. |

1  **12.** **Communications with Chambers:** Counsel shall not attempt to contact the
2  Court or its chambers staff by telephone or by any other <u>ex parte</u> means, although counsel
3  may contact the courtroom deputy, at (909) 328-4464, with appropriate inquiries  To
4  facilitate communication with the courtroom deputy, counsel should list their facsimile
5  transmission numbers along with their telephone numbers on all papers

6  **13.** **Notice of this Order:** Counsel for plaintiff shall immediately serve this Order
7  on all parties, including any new parties to the action  If this case came to the Court by
8  noticed removal, defendant shall serve this Order on all other parties

9  **14.** **Internet Site:** [3]Counsel are encouraged to review the Central District's
10  Website for additional information  The address is "http //www cacd uscourts gov"

12  IT IS SO ORDERED

13  Dated  October 5, 2004

_____
STEPHEN G  LARSON
United States Magistrate Judge

---

[3]  Copies of the Local Rules are available on our website at "http //www cacd uscourts gov" or they may be purchased from one of the following

Los Angeles Daily Journal
915 East 1st Street
Los Angeles, California  90012

West Publishing Company
610 Opperman Drive
Post Office Box 64526
St  Paul, Minnesota  55164-0526

Metropolitan News
210 South Spring Street
Los Angeles, California  90012

| NAME ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER | |
|---|---|
| ATTORNEYS FOR | |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | CASE NUMBER |
|---|---|
| Plaintiff(s), v. Defendant(s) | **CONSENT TO MAGISTRATE JUDGE OR REQUEST FOR REASSIGNMENT FOR EASTERN DIVISION PILOT PROJECT** |

**CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE STEPHEN G LARSON IN ACCORDANCE WITH GENERAL ORDER 03-13**

All parties to the above-captioned civil matter are to check one of the two following options and file this document with the Clerk's Office

☐ In accordance with the provisions of 28 U S C §636(c) and F R Civ P 73(b), the undersigned party or parties to the above-captioned civil matter hereby waive their right to proceed before District Judge Robert Timlin and consent to have Magistrate Judge Stephen G Larson conduct any and all further proceedings in this case (including the trial) and order the entry of final judgment

Any appeal from a judgment of Magistrate Judge Larson shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U S C §636(c)(3)

☐ The undersigned party or parties to the above-captioned civil matter do not consent to proceed before Magistrate Judge Larson and hereby request reassignment to District Judge Robert Timlin. The party or parties understand that Magistrate Judge Larson will remain assigned to the case for purposes of any referred discovery matters

The undersigned party or parties acknowledge that they are free to withhold consent without adverse substantive consequences

Dated this _____ day of _____, 2004

| Name of Counsel | Signature | Counsel for (Name Parties) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Subsequent documents must be filed at the
Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

CV-11 ED (01/04)  CONSENT TO MAGISTRATE JUDGE OR REQUEST FOR REASSIGNMENT FOR EASTERN DIVISION PILOT PROJECT